FLM/emv
07815-082135

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| GAIL "H", <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF NEW YORK, PRISON HEALTH SERVICES, INC., DR. FRANCK LEVEILLE, M.D., NURSE "JANE DOE", CORRECTION OFFICER JANE DOE 1, and CORRECTION OFFICER JANE DOE 2, <br><br> Defendants. | **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANT LEVEILLE** <br><br> 10 CV 9597 (PAC) (AJP) |

------------------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant FRANCK LEVEILLE, M.D. s/h/a DR. FRANCK LEVEILLE, M.D. (hereinafter "Dr. Leveille"), by his attorneys, Martin Clearwater & Bell LLP, hereby provide the following responses to Plaintiff's First Set of Interrogatories and Document Requests, dated May 16, 2011. As discovery is ongoing, defendants reserve their right to supplement any of their responses herein.

## GENERAL OBJECTIONS

In addition to any specific objections or limitations stated below in Dr. Leveille's specific responses to plaintiff's interrogatories and document requests, Dr. Leveille incorporates the following objections and limitations into each of its responses.

1. Dr. Leveille objects to the interrogatories and document requests to the extent that they seek to impose any obligation upon them greater than that contemplated by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York, and thus, Dr. Leveille declines any obligation to:

a. Generate documents not already in existence;

b. Describe any unsuccessful efforts to respond to any interrogatory;

c. Locate any document or tangible thing not within its possession, custody or control;

d. Add or change the meaning of any interrogatories in the conjunctive or disjunctive; and

e. Respond to any portion or aspect of an interrogatory not described with reasonable particularity by the express language of the interrogatory.

2. Dr. Leveille objects to the interrogatories and document requests to the extent that they seek information which is irrelevant, immaterial, or otherwise inadmissible.

3. Dr. Leveille objects to the interrogatories and document requests to the extent that they seek disclosure of information protected by attorney-client privilege and to the extent that they seek information protected by any other applicable privilege or are otherwise protected from discovery.

4. Dr. Leveille reserves the right to claim any applicable privilege or protection with respect to their responses to these interrogatories and document requests.

5. Any information provided by Dr. Leveille that may be privileged or protected was not intended and does not constitute a waiver of the protection or privilege.

6. Dr. Leveille objects to these interrogatories and document requests to the extent that they seek to require him to provide information other than that which may be obtained through a reasonably diligent search of the relevant records.

7. Dr. Leveille objects to these interrogatories and document requests to the extent that they seek to require him to provide information, or to identify or produce any documents or

other tangible things prepared or obtained in anticipation of litigation or for trial where such information, documents or other tangible things disclose the mental impressions of counsel or counsel's conclusions, opinion, memoranda, notes or summaries, legal research or legal theories.

8. Dr. Leveille objects to these interrogatories and document requests to the extent they seek to require him to identify or produce documents which are equally available to them as they are to plaintiff.

9. Dr. Leveille objects to these interrogatories and document requests to the extent that they seek to require him to respond on behalf of any other entity or person.

10. Dr. Leveille objects to the documents requests to the extent they are, in sum and substance, interrogatories and should be governed by Local Rule 33.3.

11. Dr. Leveille objects to the general instructions preceding the interrogatories and production of documents to the extent that they are beyond the scope of applicable sections of the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

12. Dr. Leveille objects generally and individually to each of the interrogatories and document requests on the grounds, and to the extent, that they are vague, overly broad, oppressive, unduly burdensome, and not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

Dr. Leveille hereby incorporates all of his general objections into each specific response to each interrogatory. The fact that the general objection(s) is/are not reiterated in the response to a specific interrogatory does not constitute a waiver of the application of each general objection to that specific interrogatory. Instead, plaintiff should treat each response by Dr.

Leveille as if it contains all of Dr. Leveille's general objections. Subject to the foregoing, upon information and belief, Dr. Leveille responds as follows to each of plaintiff's Interrogatories.

Interrogatory 1:

Has Franck Leveille ever been the subject of legal action relating to the performance of his duties as a physician? If so, please [a] identify for each such action, the parties, and court, venue, index number and set out a brief statement of the nature of the action; and [b] identify or produce all documents in the individual defendant's possession or control relating to such an action.

Response to Interrogatory 1:

Objection. This interrogatory seeks information that is irrelevant, not reasonably calculated to lead to admissible evidence, seeks information beyond what is permitted by Local Rule 33.3, and privileged pursuant to New York Education Law § 6527, Public Health Law § 2805-j, § 2805-k, § 2805-l, § 2805-m, self-critical analysis privilege.

Interrogatory 2:

If Franck Leveille has been the subject of disciplinary action, list the dates of the incidents underlying the disciplinary actions, the nature of the incidents, and the dispositions, if any, of the disciplinary actions.

Response to Interrogatory 2:

Objection. This interrogatory seeks information that is irrelevant, not reasonably calculated to lead to admissible evidence, seeks information beyond what is permitted by Local Rule 33.3, and privileged pursuant to New York Education Law § 6527, Public Health Law § 2805-j, § 2805-k, § 2805-l, § 2805-m, self-critical analysis privilege.

## DOCUMENT REQUESTS

Dr. Leveille hereby incorporates all of his general objections into each specific response to each document request. The fact that the general objection(s) is/are not reiterated in the response to a specific document request does not constitute a waiver of the application of each general objection to that specific document request. Instead, plaintiff should treat each response by Dr. Leveille as if it contains all of Dr. Leveille's general objections. Subject to the foregoing, upon information and belief, Dr. Leveille responds as follows to each of plaintiff's document requests.

Request [1]:

Copy of any Insurance Agreement in effect on March 28, 2010 covering Franck Leveille for this incident.

Response to Request [1]:

Dr. Leveille objects to this demand to the extent that plaintiff seeks information other than the policy number, policy dates, limits of liability and the insurance carrier on the ground that the demands are irrelevant, unduly burdensome, palpably improper and the additional information is not required by CPLR §3101(f). Notwithstanding these objections, see Dr. Leveille's Rule 26 Initial Disclosures, dated May 16, 2011.

Request [2]:

Copy of employee manual issued to Dr. Franck Leveille from Prison Health Services.

Response to Request [2]:

Objection. This demand is vague, ambiguous, overly broad, not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3. Notwithstanding these objections, and without waiver thereof, Dr. Leveille is not in possession of an employee manual issued from Prison Health Services.

Request [3]:

Copy of rules and regulations of Prison Health Services issued to Dr. Franck Leveille.

Response to Request [3]:

Objection. This demand is vague, ambiguous, overly broad, not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3. Notwithstanding these objections, and without waiver thereof, Dr. Leveille is not in possession of rules and regulations of Prison Health Services.

Request [4]:

Copy of Dr. Franck Leveille's attendance records.

Response to Request [4]:

Objection. This demand is overly broad, vague, ambiguous, not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3.

Request [5]:

Copy of Dr. Franck Leveille's medical qualifications – copy of Medical School Degree, Copy of Medical License, and copy of Board Qualifications.

Response to Request [5]:

Objection. This demand is not reasonably calculated to lead to admissible evidence and seeks information beyond what is permitted by Local Rule 33.3. Further, the information sought herein is better sought by way of deposition.

Request [6]:

Copy of Dr. Franck Leveille's employment application to Prison Health Services.

Response to Request [6]:

Objection. This demand is not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3. Notwithstanding these objections, and without waiver thereof, Dr. Leveille is not in possession of an employment application to Prison Health Services.

Request [6]:

List of all employers of Dr. Franck Leveille other than Prison Health Services.

Response to Request [6]:

Objection. This demand is irrelevant, not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3. Further, the information sought herein is better sought by way of deposition.

Request [7]:

Copies of all Summons and Complaints filed against Dr. Franck Leveille in either State of Federal Court.

Response to Request [7]:

Objection. This demand is irrelevant, not reasonably calculated to lead to admissible evidence, and seeks information beyond what is permitted by Local Rule 33.3.

Dated: New York, New York
June 3, 2011

                                    Yours, etc.

                                    MARTIN CLEARWATER & BELL LLP

                                    By _____
                                        Francesca L. Mountain(FM9023)
                                    Attorneys for Defendant
                                    FRANCK LEVEILLE, M.D. s/h/a DR.
                                    FRANCK LEVEILLE, M.D
                                    245 Main Street
                                    White Plains, NY 10601
                                    (914) 328-2969

TO:    ANDREW F. PLASSE, P.C.
        Attorneys for Plaintiff
        352 7th Avenue, Suite 1242
        New York, New York 10001
        (212) 695-5811

        KAUFMAN BORGEEST & RYAN, LLP
        Attorneys for Defendant
        PRISON HEALTH SERVICES, INC.
        120 Broadway
        New York, New York 10271
        (212) 980-9600

        HOWARD EISON, ESQ.
        Assistant Corporation Counsel
        MICHAEL A. CARDOZO
        CORPORATION COUNSEL OF
        THE CITY OF NEW YORK
        100 Church Street
        New York, New York 10007
        (212) 788-1240

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           )
COUNTY OF WESTCHESTER      )

**Rosita Calixto,** being duly sworn, deposes and says that he is not a party to this action, is over 18 years of age and is an employee in the office of MARTIN CLEARWATER & BELL LLP, attorneys for the defendant FRANCK LEVEILLE, M.D. s/h/a DR. FRANCK LEVEILLE.

That on June 3, 2011, he served the within **RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANT LEVEILLE** upon the following attorneys by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States at 245 Main Street, White Plains, NY 10601 directed to said attorneys at:

ANDREW F. PLASSE, P.C.
Attorneys for Plaintiff
352 7th Avenue, Suite 1242
New York, New York 10001

KAUFMAN BORGEEST & RYAN, LLP
Attorneys for Defendant
PRISON HEALTH SERVICES, INC.
120 Broadway
New York, New York 10271

HOWARD EISON, ESQ.
Assistant Corporation Counsel
MICHAEL A. CARDOZO
CORPORATION COUNSEL OF
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

that being the address within the State designated by them for the purpose of service upon them of the preceding papers in this action, or the place where they then kept an office for regular communication by mail.

_____
**Rosita Calixto**

Sworn to before me on this
3RD day of June, 2011

_____
Notary Public

EILEEN M. VENTRUDO
Notary Public, State of New York
No. 60-9453550
Qualified in Westchester County
Cert. Filed in New York County
Commission Expires February 6, 20 15